IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

MAR 14 2014

CLERK, US DISTRICT COURT
NORFOLK, VA

GLORILENE WHITE,

    Plaintiff,

v.                                            CIVIL ACTION NO. 4:13cv27

GOLDEN CORRAL OF HAMPTON, LLC,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Golden Corral of Hampton, LLC's ("Defendant" or "Golden Corral") Amended Motion for Summary Judgment, ECF No. 25, pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] Having carefully considered the parties' pleadings, this matter is now ripe for disposition. For the reasons set forth herein, Defendant's Amended Motion for Summary Judgment is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Glorilene White ("Plaintiff"), a former Assistant Manager of the Bakery for Golden Corral of Hampton, brought this claim against Defendant, her former employer, alleging she was terminated as a result of her visual disability and in retaliation for exercising her protected rights. Compl. 1, ECF No. 1. Defendant denies Plaintiff's claims and maintains that Plaintiff was terminated for performance issues, including excessive tardiness. Answer ¶ 2-5, ECF No. 4.

---

[1] Defendant previously filed a Motion for Summary Judgment, ECF No. 11, on December 19, 2013. Pursuant to its January 15, 2014 Order, the Court granted Defendant leave to file an amended summary judgment motion. Accordingly, Defendant's Motion for Summary Judgment is moot. The Court will only consider the Amended Motion for Summary, ECF No. 25, filed on February 14, 2014.

1

In 2006, at the time of her hire, Plaintiff informed Golden Corral managers that she had a visual disability which prevents her from driving. Pl.'s Opp'n to Def.'s Mot. Summ. J. 1, ECF No. 27. Plaintiff alleges that her Golden Corral manager allowed her to arrive late to work since she depended on taxis for transportation. Def.'s Am. Mot. Summ. J. Mem. ¶ 14, ECF No. 26. Plaintiff also alleges that her manager agreed to print her monthly work schedule because her visual disability rendered her unable to view images on a computer screen. Pl.'s Opp'n 1. Plaintiff considers both the late arrival time and the printed schedules to be accommodations to her position that enabled her perform her job with her visual disability.

In January 2010, Plaintiff spoke with her manager James Rex Hoover about a fellow employee's accusation that certain Golden Corral staff members were illegal aliens. Def.'s Am. Mot. at ¶ 2-3. Plaintiff asserts that after this conversation with Hoover, Golden Corral management rescinded her accommodations. Pl.'s Opp'n 1-2. Defendant counters that around that time, Golden Corral management developed concerns about Plaintiff's performance because her late arrivals became frequent and excessive. Def.'s Am. Mot. 3. On February 20, 2010, Plaintiff met with Hoover to discuss disciplinary actions as a result of her excessive tardiness. *Id.* ¶ 13. The disciplinary document, described as a "final warning," advised Plaintiff that continuing to arrive late to work "may result in severe disciplinary action from demotion of position up to and including termination." *Id.* Because Plaintiff continued to arrive late to work, she was terminated on May 1, 2010. *Id.* at 20.

After receiving a Notice of Right to Sue letter from the Equal Employment Opportunity Commission on November 30, 2012, Plaintiff filed her Complaint *pro se* against Defendant on February 25, 2013. On November 26, 2013, Defendant filed a Motion for Sanctions, alleging that Plaintiff did not respond to discovery requests or appear for her deposition. On January 15, 2014, this Court accepted the findings of the Magistrate Judge's Report and Recommendation, which found

sanctions appropriate because Plaintiff failed to comply with discovery. The Court ordered Plaintiff, who had recently obtained counsel, to respond to interrogatories, grant a discovery deposition and pay certain fees to Defendant. This Court also granted Defendant leave to file an amended summary judgment motion. Defendant filed the instant Amended Motion for Summary Judgment on February 14, 2014.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd. of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by,*

3

*Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment).

### III. DISCUSSION

#### A. Retaliation Claim

The relevant portion of Title VII prohibits discrimination against any employee who "has opposed any . . . unlawful employment practice." 42 U.S.C. § 2000e-3(a). The Americans with Disabilities Act ("ADA") provides, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter. . ." 42 U.S.C. § 12203(a)-(b). Retaliation claims pursuant to the ADA are evaluated under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), "pretext" framework. *See Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006). Under the *McDonnell Douglas* burden-shifting scheme, the plaintiff has the initial burden of establishing a prima facie case of retaliation. *McDonnell Douglas Corp.*, 411 U.S. at 802. To establish a prima facie case of retaliation, the plaintiff "must prove that (1) she engaged in a protected activity, (2) the employer acted adversely against her, and (3) there was a causal connection between the protected activity and the asserted adverse action." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011). If the plaintiff is successful in establishing a prima facie case for retaliation, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for its adverse action. *Laber*, 438 F.3d at 432. If the defendant provides evidence of a legitimate, nondiscriminatory reason for its adverse action, the plaintiff must show by a preponderance of the evidence that the proffered reason was a pretext for retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-48 (2000). The plaintiff bears the ultimate burden of persuasion. *Id.*

4

Defendant claims that Plaintiff has not established that she engaged in a protected activity or that a causal connection between such a protected activity and her termination exists. Instead, Defendant maintains that Plaintiff was terminated for excessive tardiness, a legitimate nondiscriminatory reason for termination that bore no relation to a protected activity.

Plaintiff raises no opposition or response to Defendant's request for summary judgment on her retaliation claim. Defendant's argument that Plaintiff fails to state a viable retaliation claim has been uncontroverted and Plaintiff has not established that there is any genuine issue of material fact in dispute. In opposing the summary judgment motion, Plaintiff did not present evidence that her report of alleged discrimination or unlawful conduct was a protected activity that caused Defendant's adverse employment action against her. Plaintiff also failed to present evidence that excessive tardiness was a pretextual explanation for her termination. Therefore, Defendant's Amended Motion for Summary Judgment as to the retaliation claim is **GRANTED**.

## B. Disability Discrimination Claim

In supporting a motion for summary judgment, the moving party has the burden of showing that there is no genuine dispute as to a material fact. Defendant emphasizes Plaintiff's noncompliance with Local Rule 56(B), which requires a specific listing of facts in dispute in response to an opposing party's statement of material undisputed facts. *See* EDVA Local Rules, Local Civil Rules, pg. 25 (Nov. 19, 2010). Local Rule 56(B) states that briefs in opposition to summary judgment must contain a specifically captioned section listing all material facts contended to be in dispute, with citations to the parts of the record which support the existence of the dispute. *Id.* Local Rule 56(B) also states that failure to properly controvert a fact in an opposing brief may result in the fact being deemed admitted by the Court. *Id.* Defendant insists that Plaintiff elected to ignore Local Rule 56(B) and her obligation to provide a listing of

5

undisputed material facts in support of her Opposition to the Amended Motion for Summary Judgment.

The Court recognizes that Plaintiff failed to strictly comply with Local Rule 56(B). However, this failure to comply does not preclude a finding that summary judgment is inappropriate. The Court finds that Plaintiff has identified several disputed issues of material fact throughout her Opposition to the Amended Motion for Summary Judgment, albeit not in a captioned section and listing. Plaintiff indicates that the parties dispute whether it has always been Golden Corral's policy to require her to arrive on time for her scheduled shift. *See* Def.'s Am. Mot. 6; Pl.'s Opp'n 5. Plaintiff also disputes Defendant's estimation of the number of instances when she was tardy. Pl.'s Opp'n 1-2, 5. Additionally, Plaintiff asserts that her lateness was caused by Golden Corral managers' discontinued printing of her schedule and modification of shift times without informing her. Moreover, Plaintiff references portions of the record to support her factual claims, including the Declaration of James Rex Hoover (ECF No. 12-4), the Declaration of Linda Branch (ECF No. 12-1), Plaintiff's Response to Golden Corral's Position Statement (ECF No. 18-1), and Defendant's documentation of her late arrivals (ECF No. 10-6).

Although Local Rule 56(B) requires compliance with its instruction regarding the proper filing of a response to a summary judgment motion, the Court will not elevate form over substance. Because Plaintiff identified genuine issues of material facts that remain in dispute, Defendant's Amended Motion for Summary Judgment as to the disability discrimination claim is **DENIED**.

## IV. CONCLUSION

For the above reasons, Defendant's Amended Motion for Summary Judgment is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff has not opposed summary judgment

of the retaliation claim or demonstrated any genuine issue of material fact in dispute; thus, as a matter of law, Defendant's Amended Motion for Summary Judgment on the retaliation claim is **GRANTED**. Defendant has not demonstrated that there is no genuine issue of material fact regarding Plaintiff's disability claim and accordingly, Defendant's Amended Motion for Summary Judgment on this disability claim is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March /3 , 2014

Raymond A. Jackson
United States District Judge